**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NEVADA CHAPTER OF THE NEW BLACK PANTHER PARTY, ERIC GRIFFIN,<br>　　　　Plaintiffs,<br>vs.<br>PATRICK WELSH, *et al.*,<br>　　　　Defendants. | 2:10-cv-01286-GMN-RJJ<br><br>**ORDER** |

On August 17, 2010, the court denied plaintiff's application for leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(g), and must pay the full filing fee in advance order to initiate an action before this court, unless he alleges imminent danger of serious physical injury (docket #5). Before the court is plaintiff's motion to alter or amend judgment (docket #6).

The court treats this motion as a motion for reconsideration of its August 13, 2010 order. Although the Federal Rules of Civil Procedure do not expressly authorize a motion for reconsideration, "[a] district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment . . . " *Smith v. Massachusetts*, 543 U.S. 462, 475 (2005). However, reconsideration is an "extraordinary remedy, to be used sparingly." Absent highly unusual circumstances, a motion for reconsideration will not be granted " unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enterprises v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000).

In his motion, plaintiff reiterates some allegations from the instant action as well as other actions he has filed, such as that "Griffin has repeatedly claimed he is a victims [sic] of torture..." He states generally that he is "undoubtedly" under imminent danger of serious physical injury. He also maintains that "[i]t is a known fact that Griffin is with out the financial resources to pay filing fees a the rate of $350 per case as they are thrown to the way side by judge after judge who deems his inferior

filing as frivolous, and malicious without merit, or as failing to state a claim upon which relief may be granted." Plaintiff's vague and perplexing allegation that he is undoubtedly under imminent danger of serious physical injury "in the form of experimental weapons/chemical medication known to the public and government as d.e.w/v2s, a covert dispensed lethal weapon as we have now seen with yet another murder" is not rational and therefore insufficient. Plaintiff has failed to present any reasonable basis for the court to reconsider its order. Accordingly, plaintiff's "motion to alter or amend judgment" is denied.

**IT IS THEREFORE ORDERED** that plaintiff's motion to alter or amend judgment pursuant to FRCP 59(e) (docket #6) is **DENIED.**

DATED this 13th day of September, 2010.

_____
Gloria M. Navarro
United States District Judge